ALD-169                                    **NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 24-2104
_____

IN RE: CALEB L. MCGILLVARY,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1:23-cv-22605)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 15, 2024
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: September 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

    In November 2023, Caleb McGillvary filed a civil action against multiple

defendants, including United States District Court Judges Christine O'Hearn, Renee

Bumb, and Madeline Arleo, and United States Magistrate Judge Cathy Waldor.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McGillvary was granted leave to proceed in forma pauperis, and the Clerk of Court was directed to issue summonses to be served by the U.S. Marshals Service.

On June 17, 2024, McGillvary filed a petition for a writ of mandamus asserting that he sent the Clerk the required USM-285 forms in order to effectuate service on Judges O'Hearn, Bumb, Cox-Arleo, and Waldor, and that he "properly checked" the box for "service on USA." 3d Cir. ECF No. 1-1 at 9. He alleges that the Clerk of Court refused "to issue and serve summons and process for and upon the US Attorney and Attorney General, as requested and required for each federal judge defendant." Id. at 10-11. As relief, he asks this Court to order the Clerk of Court for the District of New Jersey "to issue summons for the US Attorney's Office and the US Attorney General for each of the Federal Judge Defendants, and serve process thereon in this matter." Id. at 13.

On February 23, 2024, the District Court sent McGillvary a letter advising him that if he was naming an officer or employee of the United States as a defendant, he was required, pursuant to Federal Rule of Civil Procedure 4(i), to "complete two additional 285 forms – one for the U.S. Attorney for New Jersey, and one for the Attorney General of the United States." D.Ct. ECF No. 10 at 1.[1] A review of the District Court docket reveals that the required USM-285 forms for the United States Attorney for the District of New Jersey and the Attorney General of the United States were not received by the Clerk

---

[1] The District Court has previously opined, in an unpublished opinion, that "only one USM-285 Form is needed for the United States Attorney for the District of New Jersey and only one USM-285 Form is needed to serve the United States Attorney General since all [] Defendants can (and should) be named on the form." Powell v. Ortiz, 2022 WL 4120760, *3 n.3 (D.N.J. Sep. 9, 2022).

2

until June 25, 2024. Thereafter, the summonses were returned executed as to the United States Attorney on July 1, 2024, see D.Ct. ECF No. 145, and as to the United States Attorney General on July 12, 2024, see D.Ct. ECF No. 160.

As a result, this mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that … prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").